# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# DAYTON DIVISION

| | |
|---|---|
| Barbara Ofzky<br>42 Oaklawn Avenue<br>Medway, Ohio 45341<br>　　　Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc.<br>c/o Robert M. Kebartas, statutory agent<br>VKI<br>15 Union Street<br>Lawrence, MA 01840<br>　　　Defendants. | CASE NO.:  3:07-cv-162<br><br>JUDGE:  Thomas M. Rose<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT**<br>**AND OTHER EQUITABLE RELIEF** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. In December, 2006, Plaintiff retained Macey & Aleman, P.C. to file a Bankruptcy.

10. In December, 2006, Plaintiff was contacted by Defendant via telephone and informed Defendant that she was represented by an attorney and provided her attorney name, telephone number, and record number with the law firm.

11. On numerous occasions after the representation notice was provided, Defendant contacted Plaintiff via the telephone.

12. On several dates, after the representation notice was provided, Defendant contacted Plaintiff multiple times a day.

13. Plaintiff provided her attorney information to Defendant each and every time there was actual live communication between the parties.

14. Despite this notice, during one conversation, Defendant demanded immediate payment or threatened there would be legal action.

15. Despite this notice, during one conversation, Defendant provided Plaintiff a one time opportunity to pay the debt at a "reduced rate" but only if payment was made within seventy two (72) hours.

16. Despite this notice, during one conversation, Defendant contacted Plaintiff and demanded to know why it was taking her so long to file her bankruptcy.

17. During this conversation, Defendant proceeded to tell Plaintiff that bankruptcy would not protect the debts that had attached to her belongings because she was not represented by "real attorneys."

18. Fearful of this information, Plaintiff contacted her bankruptcy attorney to verify that she was in fact represented, that the law firm was reputable, and that Bankruptcy would in fact take care of her debts.

19. At the instruction of Plaintiff's attorneys, Plaintiff contacted Defendant and requested its facsimile information so her attorneys could send them a representation letter.

20. Defendant refused to provide their facsimile number and through words and conduct implied that hearing from Plaintiff's attorneys would not provide and relief to the continued phone calls.

21. One of the individuals that was harassing Plaintiff was Jenny Cherez, located at extension 254.

22. Defendant Violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant was told by the Plaintiff they were represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e(5) in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e(10) by stating Plaintiffs would be sued when, in fact, no lawsuit was intended.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. All of the above statements, actions and activities are deceptive and misleading in violation of 15 U.S.C. §1692.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

37. Defendant has damaged Plaintiff mentally and emotionally and has caused a great degree of anxiety and stress.

## **JURY DEMAND**

38. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

   a. Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman

By:　/s/ Jeffrey S. Hyslip
　　Attorney for Plaintiff (0079315)
　　20 West Kinzie; Suite 1300
　　Chicago, IL 60610
　　Telephone: 312-753-7536
　　jsh@legalhelpers.com